IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SHAWN AUNDRE EASTER                                                                     PLAINTIFF

vs.                                         Civil No. 6:14-cv-06098

CAROLYN W. COLVIN                                                                        DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Shawn Aundre Easter ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed his disability application on September 12, 2011. (Tr. 10, 83). Plaintiff alleges being disabled due to a fractured knee, a torn ACL, and breathing problems. (Tr. 114). Plaintiff alleges an onset date of August 31, 2011. (Tr. 10). This application was denied initially and again upon reconsideration. (Tr. 40-42). Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 55-59).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. __." The transcript pages for this case are referenced by the designation "Tr."

On April 23, 2013, this hearing was held in El Dorado, Arkansas. (Tr. 21-39). Plaintiff was present at this hearing but was not represented by counsel. *Id.* Only Plaintiff testified at this hearing. *Id.* During this hearing, Plaintiff testified he was forty-three (43) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 27). Plaintiff also testified he graduated from high school. *Id.*

After this hearing, on June 25, 2013, the ALJ entered an unfavorable decision denying Plaintiff's SSI application. (Tr. 7-17). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity since September 11, 2011, his application date. (Tr. 12, Finding 1). The ALJ determined Plaintiff had the following severe impairments: status post right anterior cruciate ligament tear and meniscus tear and status post anterior cruciate ligament reconstruction. (Tr. 12-13, Finding 2). The ALJ, however, also found Plaintiff's impairments, singularly or in combination, did not meet or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 13, Finding 3).

The ALJ then evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 13-17, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found they were not credible to the extent he alleged. *Id.* Second, the ALJ determined Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except he can only occasionally climb ramp[s], stairs, ladders, ropes, scaffolds, balance, stoop, kneel, crouch or crawl.

*Id.* Considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his Past Relevant Work ("PRW") as a barber. (Tr. 17, Finding 5). Because Plaintiff retained the capacity to perform his PRW, the ALJ determined Plaintiff had not been under a disability, as defined by the

Act, from September 12, 2011 through the date of his decision or through June 25, 2013. (Tr. 17, Finding 6).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 5-6). On August 1, 2014, the Appeals Council denied this request for review. (Tr. 1-3). On September 2, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on September 2, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 10, 12. This case is now ready for decision.

**2.** **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one

year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred in finding his impairments did not meet the requirements of Listings 1.02 and 1.03; (2) the ALJ erred

in discrediting Dr. Bernard Crowell's RFC assessment; (3) the ALJ erred in concluding he retains the RFC to perform light work; and (4) the ALJ erred by failing to hear from a vocational expert at the administrative hearing in this matter. ECF No. 10. After reviewing these arguments, the Court agrees with Plaintiff's third argument and finds the ALJ's RFC determination is not supported by substantial evidence in the record. Accordingly, the Court will only address this issue.

In a social security disability case, the ALJ is responsible for determining a claimant's RFC based upon all of the relevant evidence. *See Jones v. Astrue,* 619 F.3d 963, 971 (8th Cir. 2010). The relevant evidence includes the claimant's own description of his or her limitations, the claimant's medical records, and observations of the claimant's treating physicians and others. *Id.* The ALJ's RFC determination must also be supported by "some" medical evidence. *See Perks v. Astrue,* 687 F.3d 1086, 1092 (8th Cir. 2012).

In the present action, the ALJ's RFC determination is not supported by substantial evidence in the record. Indeed, at the administrative hearing in this matter, the ALJ acknowledged Plaintiff's medical records were deficient and incomplete and arranged to have Plaintiff submit to an orthopedic consultative examination. (Tr. 38). Thereafter, the SSA ordered this consultative examination. On May 30, 2013, Dr. Bernard Crowell, M.D. of Pinnacle Orthopedics performed this evaluation and assessed Plaintiff right knee problems. (Tr. 219-221). Upon examination, Dr. Crowell found Plaintiff "walks with a limp favoring his right knee," was "unable to squat and come to a full stance," and had a "mild effusion." (Tr. 221).

In his opinion, the ALJ made the decision to discount Dr. Crowell's findings and did not incorporate his findings of relatively severe limitations in his RFC assessment. Notably, the ALJ found Plaintiff had no squatting limitations and could "occasionally" "stoop, kneel, crouch or crawl."

(Tr. 13). In assessing these limitations and Plaintiff's RFC, the ALJ relied upon the findings of non-examining physicians: "the undersigned has accorded these opinions [of the non-examining, consulting physicians] significant evidentiary weight with regard to the issue of disability." (Tr. 17). However, the opinions of non-examining, consulting physicians do not provide substantial evidence to support the ALJ's RFC assessment. *See Kelley v. Callahan,* 133 F.3d 583, 589 (8th Cir. 1998) (holding "[t]he opinion of a consulting physician who examines a claimant once or not at all does not generally constitute substantial evidence").

Thus, because the ALJ disregarded the findings of a specialist who examined Plaintiff in favor of the findings of non-examining physicians and has provided no other medical evidence which would qualify as substantial evidence to support his RFC assessment, the Court finds the ALJ's RFC assessment is not supported by substantial evidence in the record, and this case should be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 27th day of April 2015.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE